IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PAUL D. STUART                                                                                            PETITIONER

V.                                        No.  3:13-CV-03016

RAY HOBBS, Director,
Arkansas Department of Corrections                                                      RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (ECF No. 1) filed January 23, 2013 under 28 U.S.C. Section 2254.  No service on the Defendant has been authorized because the Petition is subject to dismissal due to the fact that it was filed beyond the statutory time.

### I.  Background

Mr. Stuart entered a guilty plea in Newton County Circuit Court (ECF 1-5) on August 22, 2008 in case number CR 2008-009-3. The Petitioner was sentenced on that date to an aggregate sentence of 420 months' imprisonment on the charges of Aggravated Residential Burglary, Battery in the First Degree, Arson, Possession of a Firearm by Certain Person, and Battery in the Second Degree. (Exhibit 1).  On November 25, 2008 Petitioner filed a Rule 37.1 petition alleging Ineffective Assistance of Counsel. (ECF No. 1-1) which was dismissed by the trial court as untimely (Exhibit 2).  The Petitioner appealed the Circuit Court's dismissal of his rule 37.1 Petition but the Circuit Court's ruling was upheld by the Arkansas Supreme Court on October 8, 2009. (ECF 1-6).  See *Stuart v. State,* 2009 WL 3235534. (ECF 1-6).

The Petitioner filed the current Petition on January 23, 2013 alleging 1) Ineffective Assistance of Counsel, Coerced Confession and Mental Incompetence(ECF 1, p. 5);  2) Diminished mental capacity at time of crime and trial (Id., p. 7); 3) Denial of counsel for his "first tier review"  (Id., p. 9), and  Denial of Equal Protection (Id., pp. 10-11).

## II.  Discussion

**A.  Statute of Limitations:**

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The Petitioner entered his plea on August 22, 2008. Under Arkansas law when the Plaintiff entered a plea of guilty he waives his right to appeal.  *See Redding v. State*, 293 Ark. 411, 738 S.W.2d 410 (1987);  A.R.Cr.P. Rule 36.1. The Judgment appears to have been filed on August 22, 2008 (Exhibit 1).  The Petitioner had 90 days from the date of entry of Judgment to bring his claim under Rule 37. (Ark. R. Crim. P. 37.2(c)).  The Federal Statue provides that the "

time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.A. § 2244.

The Petitioner did not file his Rule 37.1 motion until 95 days after the entry of judgment. The Arkansas Supreme Court has stated that "inasmuch as the time limitations imposed in Criminal Procedure Rule 37 are jurisdictional in nature, a circuit court cannot grant relief on an untimely petition". *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996); *Hamilton v. State*, 323 Ark. 614, 918 S.W.2d 113 (1996); *Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994); *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989); *Hill v. State,* 340 Ark. 248, 249, 13 S.W.3d 142, 142 - 143 (Ark.,2000).

The Arkansas Supreme Court followed its long consistent history and denied the Petitioner's appeal of the Circuit Court's dismissal of his Rule 37.1 Petition.   See *Stuart v. State,* 2009 WL 3235534.  The effect is that the Petitioner's Rule 37.1 motion was not "properly filed" and, therefore, the commencement date for the running of the Statute of Limitations under 2254 was November 20, 2008.  Since the Petition was not filed until January 2013 the Petition is outside the limitations period.  There was no impediment to filing the 2254 Petition created by State action, no new constitutional right, and the factual predicate upon which the Petitioner relies was known at the time of his plea.

**B.  Equitable Tolling:**

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803,

805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources).

    1.  Ineffective Assistance of Counsel

Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard. *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002); *see also Rouse v. Lee*, 339 F.3d 238, 248-49 (noting that a majority of the circuits have held that basic attorney errors such as miscalculation of a filing deadline are generally insufficient to support equitable tolling). It is acknowledged, though, that serious attorney misconduct, as opposed to mere negligence, "may warrant equitable tolling." *Beery*, 312 F.3d at 952. See *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002) (holding that petitioner's "allegation that he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond petitioner's control that could warrant equitable tolling of the statute of limitations" if petitioner reasonably relied on the attorney's misrepresentations).

The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must "vigilantly oversee," and ultimately bear responsibility for, their attorneys' actions or failures. *See Modrowski v. Mote* 322 F.3d 965, 968 (C.A.7 (Ill.),2003) citing *Johnson v. McCaughtry*, 265 F.3d 559 at 566 (2001). There is no allegation by the Petitioner that he was

deceived by his attorney, or anyone, into believing that a Motion under 2254 had been filed. The Petitioner had one year under federal statute to file his action but he failed to do so.

### 2. Mental Incompetency

A mental impairment can be an extraordinary circumstance interrupting the limitation period. *See Nichols v. Dormire*, 11 Fed.Appx. 633, 634 (C.A.8 (Mo.),2001). The test for competency is "whether [petitioner] has capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." *Smith v. Armontrout*, 812 F.2d 1050, 1056 (8th Cir.1987) (*quoting Rees v. Peyton*, 384 U.S. 312, 314 (1966)). *Newman v. Norris* 2008 WL 222689, 4 (W.D.Ark.) (W.D.Ark.,2008).

The Petitioner contends that he was mentally impaired at the time he committed his offenses and at the time he entered his plea because he was taking Depakote [1](ECF No. 1, pp. 15-16) and that it was the Depakote he was taking that caused him to commit the criminal offenses in March 2008. The Petitioner does not allege that he was mentally impaired in any way after his plea.

The Petitioner was arrested on or about March 20, 2008 and was in continuous incarceration at the Newton County jail from that day until he was transported to the Arkansas Department of Corrections. The court has been informed by the Newton County jail that the only

---

[1] Depakote (divalproex sodium) affects chemicals in the body that may be involved in causing seizures. Depakote is used to treat various types of seizure disorders. It is sometimes used together with other seizure medications. See www.drugs.com

prescription for the Petitioner during his incarceration was for Levaquin [2] which is an antibiotic (Exhibit 3). It does not appear that the Petitioner was ever on Depakote during his time in jail. In addition the court has obtain the mental evaluation report from the Arkansas State Hospital completed on August 1, 2008 indicating that the Petitioner was mentally competent to assist his attorney ant that he was not under any mental disease or defect at the time of the offense. (Exhibit 4). The Petitioner executed a Plea Agreement on August 22, 2008 indicating that he understood that he was giving up his right to a trial by jury and his right to appeal and that his plea was entered voluntarily. (Exhibit 5). At the same time, an accused's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

      According to the clerk's docket sheet the Newton County Circuit Court did order a mental evaluation at the Arkansas State Hospital on May 16, 2008.  (Exhibit 6, p. 2).  The evaluation was conducted on July 15, 2008 and the Petitioner was found not to have any mental disease or defect, did not lack the capacity to appreciate the criminality of his conduct, or to conform his conduct to the requirement of the law at the time of the offense or at the time of examination. (Exhibit 5).  In addition the court notes that the Forensic Report furnished by the State Hospital indicated that Depakote was prescribed for the Petitioner by Ozark Counseling and Guidance in 2006 but that he was "tolerating well his med" (Exhibit , p. 8) but he admitted in his interview that he "disliked taking medications and discontinued the medication about a month

---

[2]Levaquin (levofloxacin) is in a group of antibiotics called fluoroquinolones (flor-o-KWIN-o-lones). Levaquin fights bacteria in the body. Levaquin is used to treat bacterial infections of the skin, sinuses, kidneys, bladder, or prostate. It is also used to treat bacterial infections that cause bronchitis... See www.drugs.com

prior to the alleged incident." (Id., p. 6).

There is nothing in the record that justifies the tolling of any time and the Petitioner's claim is barred by the limitations period.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2254 be dismissed with prejudice.

**The petitioner has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The petitioner is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this January 28, 2013

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE