IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PAUL D. STUART                                                                                               PLAINTIFF

v.                                          Case No. 3:13-CV-03016

RAY HOBBS, Director, Arkansas
Department of Corrections                                                                                DEFENDANT

### O R D E R

The Court has received proposed findings and recommendations (Doc. 6) from Chief United States Magistrate Judge James R. Marschewski.  The Court has conducted a careful review of the findings and recommendations and of the timely objections filed by Plaintiff.  After reviewing the record *de novo* as to Plaintiff's objections, the Court finds the Magistrate's reasoning to be sound and further finds that Plaintiff's objections offer neither law nor fact requiring departure from the Magistrates' findings.

The Magistrate determined that the statute of limitations for Mr. Stuart to file his habeas petition began to run on November 20, 2008.  Mr. Stuart filed the instant petition on January 23, 2013. The magistrate therefore determined that Mr. Stuart's petition should be dismissed as having been filed well outside the one-year statute of limitations period.  28 U.S.C. § 2244(d).  In his objections, Mr. Stuart argues that he was late in filing his state court Rule 37 petition due to inaction by prison officials.  Mr. Stuart argues that, because of his procedural default, the State refused to considered his ineffective assistance of counsel claims.

As correctly cited by Mr. Stuart, "[a] prisoner may obtain federal review of a [procedurally] defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012).  However, Mr. Stuart does not cite to any authority

that would authorize this Court to toll the statute of limitations for over four years based solely on the fact that his petition is based on a procedural default for which he can show cause. Mr. Stuart does not cite to any new reasons the Court should consider for why the statute of limitations should be tolled in this case, subsequent to his procedural default in state court.

"A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way that prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotations omitted). The "filing" referred to is not the filing of the Rule 37 petition, but rather the filing of the instant habeas petition. Mr. Stuart has failed to show either that he has been pursuing his rights diligently in the over four years since the statute of limitations began to run or that any extraordinary circumstance stood in his way of filing the instant petition on time.

The Court therefore concludes that the findings and recommendations should be, and hereby are, approved and adopted as this Court's findings in all respects in their entirety. Judgment will be entered accordingly.

IT IS SO ORDERED this 19th day of February, 2013.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE